## In re McCLELLAN'S ESTATE.

### (162 N. W. 383.)

(File No. 3971.   Opinion filed April 17, 1917.)

**Escheat—Descent and Distribution—Heirless Decedent—Claims of Alleged Heirs—Sufficiency of Conflicting Evidence.**

In probate proceeding, where the evidence concerning heirships of persons claiming to be children and heirs of an intestate is conflicting, especially as to minor details, but the great weight and preponderance sustains findings of trial court adversely as to the claimants, and no other findings could in reason have been made, **held,** that the evidence fully sustains the findings, and that deceased died without heirs.

Appeal from Circuit Court, Minnehaha County.   Hon. FRANK B. SMITH, Judge.

See, for prior decisions in same proceedings: McClellan's Estate, 20 S. D. 498, 107 N. W. 681; Id., 21 S. D. 209, 111 N. W. 540; Id., 27 S. D. 109, 129 N. W. 1037; Id., 31 S. D. 641, 141 N. W. 965.

Proceedings in probate, in re administration of the estate of John S. McClellan, deceased, in which James S. McClellan and others appeared, claiming to be heirs at law of intestate; the state intervening and claiming that intestate died without heirs. From a judgment of the circuit court for intervenor, upon trial de novo on appeal from a judgment of the county court for intervener State, claimants appeal.   Affirmed.

*Gaffy & Stephens, Grigsby & Grigsby,* and *C. O. Bailey,* for Appellants.

*C. C. Caldwell,* Attorney General, and *U. S. G. Cherry,* for the State.

McCOY, J.   One John McClellan, a resident of Minnehaha county, died intestate at the city of Sioux Falls, August 3, 1899. He died seised and possessed of considerable property.   Immediately after his death probate proceedings were instituted to administer on his estate.   Various parties appeared claiming to be heirs, and, as such, entitled to receive and participate in the distribution of the estate.   The State of South Dakota was permitted to intervene in said probate proceedings, the state alleging that intestate had died without heirs, and that by reason thereof the said estate would escheat to the state.   This cause has been before this court on numerous other occasions.   McClellan's Estate, 20

S. D. 498, 107 N. W. 681; Id., 21 S. D. 209, 111 N. W. 540; Id., 27 S. D. 109, 129 N. W. 1037, Ann. Cas. 1913C, 1029; Id., 31 S. D. 641, 141 N. W. 965. At the present time the only claimants for said estate are the appellants and the respondent state. The county court of Minnehaha county rendered a judgment to the effect that the appellants were not the heirs of said intestate, John McClellan, that said intestate died without heirs, and that his property should escheat to the state of South Dakota. From this judgment of the county court an appeal was taken to the circuit court, and upon trial de novo the circuit court made findings of fact and conclusions of law in favor of the state to the effect that appellants were not heirs of said John McClellan, who died at the city of Sioux Falls, that said John McClellan died without heirs, and that his estate escheated to the state of South Dakota. This last-mentioned judgment was rendered and entered on the 16th day of July, 1915. From this judgment of the circuit court this appeal is taken.

The principal contention of the appellants is that the evidence is insufficient to sustain the findings and judgment. It is purely a question of fact which is thus presented. As appears from the record the appellants, James S. McClellan et al., claim to be the children of John McClellan who was born about the year 1821 in the parish of Skreene, County Meath, Ireland, and who was married in 1846 to Hannah Cruikshank, the mother of appellants; that their father, John McClellan, together with his family, in 1847, left Ireland and came to America, first residing at Lake Scugog, Ontario, and residing next at St. Johns, New Brunswick; that in 1854, on account of trouble and a quarrel with a brother-in-law, their father, John McClelland, left his home and family never to return; that subsequently they heard through other relations that he had been in the state of New York, and later that he was in the territory of Dakota; that the mother and appellants subsequently became residents of the state of Arkansas. It is the claim of appellants that the John McClellan, who died in the city of Sioux Falls, on August 3, 1899, was none other than their father who was born in County Meath, Ireland, about 1821. The fact that John McClellan, who was the father of appellants, was born in County Meath and married to Hannah Cruikshank in

1846, is conclusively shown by the parish records, copies of which appear in the record of this case.

It is the contention of the state that John McClellan who died in Sioux Falls was not born in County Meath, Ireland, in 1821, but was born in County Armagh, Ireland, about the year 1831; that about 1850 he came to Canada and was at Toronto, Ft. Erie, Ft. Hamilton, and other places in that vicinity, and subsequently in the Mohawk Valley in the state of New York; that he was in Dubuque and Sioux City, Iowa, in 1856 and 1857, and that he first made his appearance at Sioux Falls some time in 1857; that between 1857 and 1870 he was mostly at Yankton and Sioux Falls; that from 1870 until his death he continuously resided at the city of Sioux Falls; and that he was never married.

There is considerable conflict in the testimony and surrounding facts and circumstances, especially in relation to minor details; but we are of the opinion that the great weight and preponderance of the evidence sustains the findings made by the trial court, and that no other findings could in reason have been made. If the John McClellan who lived for over 40 years at Sioux Falls and Yankton was the same John McClellan who was born in County Meath about 1821 and who was the father of appellants, his open and notorious life in Sioux Falls and Yankton was a falsehood. It appears that to numerous friends and associates he always maintained that he was born in County Armagh; he asserted that he was never married; he signed numerous deeds and conveyances in which he described himself either as John McClellan, "single" or "bachelor"; he enlisted in the First Dakota Cavalry in 1861, stating his age to be 29 years; in 1867 at Yankton he made written application to join a Masonic lodge, then stating his age to be 35 years; in 1873 he made written application to join a Masonic lodge in the city of Sioux Falls, then stating his age to be 42 years; to one who was preparing matter to be published as a pioneer history of Minnehaha county, he stated that he came to America in 1850 when he was about 21 years of age; and many circumstances were related by him concerning incidents and occurrences in relation to his early life in County Armagh, prior to his coming to America, which occurrences and incidents were subsequently verified by the persons to whom he had related the same, who were also natives of County

Armagh, when such persons themselves later visited said county. There are numerous other circumstances and coincidences all tending to show that John McClellan of Sioux Falls was not and could not in reason have been the father of appellants. The evidence in this case is very voluminous, and it will be impracticable and will serve no useful purpose to set the same out in detail in this decision. We are of the opinion, and therefore hold, that the evidence fully sustains the findings and judgment.

Other assignments of error have been made, but we are of the view that the same are without merit.

The judgment and order appealed from are affirmed.

WHITING and GATES, JJ., not sitting.